**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | **No. 18-458** |
| **JAMES HILL** | : | |
| | : | |

McHUGH, J.                                                                                                  December 1, 2020

**MEMORANDUM**

Defendant James Hill was convicted by a jury of being a felon unlawfully in possession of a handgun. Unfortunately for Mr. Hill, the jury found the testimony of the arresting officers to be credible, as had the Court in denying his motion to suppress evidence of the weapon found on his person on the night that police stopped to inquire whether he lived at the property where they observed him loitering. The sentence imposed, 70 months, was at the very lowest end of the Guideline range. M. Hill entered federal custody in October, 2018, and thus had served approximately 25 months of his sentence.

Mr. Hill seeks a reduction in sentence, citing the COVID pandemic and challenges experienced by his wife because of a medical condition from which she suffers. The motion is described as one for reconsideration of sentence, which I will treat as a motion for compassionate release under 18 U.S.C. § 3582. To prevail, Mr. Hill would need to show "extraordinary and compelling reasons." §3582 (c)(1)(A) (i). Regrettably, he does not meet that standard.

Although his fears about the pandemic are understandable, the Court of Appeals had made clear that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia,* 954 F.3d 594, 597 (3d Cir. 2020).  Mr. Hill has not shown that he is in such a particularly vulnerable position that release is warranted.

With respect to his wife's medical condition, though it undoubtedly presents her with some degree of challenge in certain activities of daily living, it is not the type of profound disability that would make Mr. Hill's presence indispensable to her well-being.  And though I credit Mr. Hill's representation that she has been advised to avoid potential exposure to COVID-19, the same is true for everyone in the population at large.

Finally, I must consider the risk to the community from early release.  Mr. Hill is correct that the Court observed several constructive things about him at sentencing.  But the problem of gun violence in Philadelphia is a profound one, and Mr. Hill's possession of a weapon and subsequent failure to accept responsibility for his conduct highly concerning.  Considering that he has served less than one third of his sentence, his release into the community at this point would undermine respect for the rule of law and not serve as a sufficient deterrent to him to avoid such offenses in the future.

An appropriate order follows.

s/     Gerald Austin McHugh<br>
United States District Judge