IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES HILL, | : | CIVIL ACTION |
| Movant/Defendant, | : | No. 23-810 |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 18-458 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

McHUGH, J.                                                                                                                April 6, 2023

### MEMORANDUM

Defendant seeks post-conviction relief from his federal conviction and sentence under 28 U.S.C. § 2255.  Because his § 2255 Motion was filed several months after the conclusion of the one-year period set forth in that statute, I am constrained to deny his request as untimely.[1]

**I.      Relevant Background**

Movant/Defendant James Hill was convicted by a jury of violating 18 U.S.C. § 922(g) in March 2019.  On June 27, 2019, Mr. Hill was sentenced to 70 months of imprisonment and three years of supervised release.  Mr. Hill filed a Notice of Appeal shortly thereafter.  Although the Court of Appeals initially vacated Hill's conviction, it stayed that ruling pending the outcome of cases involving similar legal questions.  After the U.S. Supreme Court decided *United States v. Greer*, 141 S. Ct. 2090 (2021), the panel reversed its earlier ruling and affirmed Hill's conviction and sentence on July 30, 2021.  *See* ECF 64.

---

[1] Although the Government has not filed any opposition to the Motion, Rule 4 of the Rules Governing Section 2255 Proceedings mandates that I initially review any motion under Section 2255 and determine whether it "plainly appears" from the motion and any attached exhibits that the movant is not entitled to relief.

In July 2020, while his merits appeal was ongoing, Mr. Hill filed a "motion for reconsideration of sentence," which I treated as a motion for compassionate release and denied in December 2020.  ECF 58.  After the Court of Appeals affirmed his conviction and sentence in July 2021, Hill filed a renewed motion for compassionate release in August 2021, which I again denied.  ECF 73.  He appealed this ruling, but the Court of Appeals affirmed the denial on February 15, 2022.  ECF 76.

After his compassionate release appeal concluded, Hill filed the current motion on February 6, 2023,[2] seeking relief from his conviction and sentence under 28 U.S.C. § 2255 based on ineffective assistance of counsel at trial.  *See* ECF 77 at 5.  Because the Motion appeared untimely, I issued an order to show cause on March 8, 2023, to which Mr. Hill promptly responded.  ECF 79 and 81.

**II.     Legal Standard**

Motions for post-conviction relief brought pursuant to 28 U.S.C. § 2255 are governed by the statute of limitations set forth in 28 U.S.C. § 2255(f).  That sub-section provides that a one-year period of limitation shall apply to any motion under § 2255, and that this period of limitation shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Pursuant to the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date he delivers it to prison officials for mailing to the district court. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003) (citing *Houston v. Lack,* 487 U.S. 266, 274–76 (1988)).  As there is no clear postmark or certificate of mailing in the § 2255 Motion, I use the date that the Movant signed the Motion (February 6, 2023).

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**III.   Discussion**

Based on the docket, Mr. Hill's § 2255 Motion is time barred. Hill's sentence and conviction were affirmed by the Court of Appeals on July 30, 2021, and his conviction became final 90 days later, on October 28, 2021, when the time to seek certiorari with the Supreme Court expired. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).[3]  Therefore, the one-year period of limitation for a § 2255 motion, which runs from the date that a conviction becomes final, expired on October 28, 2022. *See* 28 U.S.C. § 2255(f). Hill did not file his § 2255 motion until February 6, 2023, more than three months later.

Mr. Hill's response to my order to show cause argues that his Motion is timely because (1) the Government had sought a stay of the Third Circuit's July 30, 2021, judgment order so that it could appeal to the Supreme Court and (2) his direct appeal was not concluded until February 2022. But this reflects a mistaken understanding of the procedural history of this case. As to the first point, the Government had sought and was granted a stay of the Third Circuit's *earlier* ruling vacating Hill's conviction while a separate appeal in a legally related case was pending in the

---

[3] Although the Court of Appeals issued its judgment order affirming Hill's conviction on July 30, 2021, it did not issue its mandate until August 24, 2021. *See* ECF 64. But under the Supreme Court's procedural rules "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice)." *Clay v. United States*, 537 U.S. 522, 527 (2003) (citation omitted).

Supreme Court. *See* Appellee's Mot. to Stay Issuance of Mandate, *United States v. Hill*, 836 F. App'x (3d Cir. 2020) (No. 19-2532), ECF 64. But this stay became moot when the Court of Appeals reversed its earlier opinion and affirmed Hill's conviction and sentence on July 30, 2021. *See United States v. Hill*, 854 F. App'x 446 (3d Cir. 2021). And as to the second point, Hill's appeal regarding compassionate release – which indeed concluded in February 2022 – did not toll the one-year statutory period for his § 2255 motion, because a motion for compassionate release has no bearing on the finality of his underlying conviction.

## IV.   Conclusion

For the reasons set forth above, Hill's Motion is untimely under § 2255(f) and must be denied. Because reasonable jurists would not disagree over this finding, there is no basis to issue a certificate of appealability. An appropriate order follows.

          s/ Gerald Austin McHugh
          United States District Judge